UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MICHERY,<br><br>        Plaintiff,<br><br>   v.<br><br>FORD MOTOR COMPANY, a Delaware corporation; BOARD FORD, a California entity, form unknown; and DOES 1 to 100, inclusive,<br><br>        Defendants. | No. CV12-04957 RSWL (FFMx)<br><br>District Judge: Ronald S. W. Lew<br>Magistrate Judge: Frederick F. Mumm<br><br>[~~Proposed~~]<br>**Stipulated Protective Order**<br><br>**NOTE CHANGES MADE BY THE COURT**<br><br>State Complaint Filed: 3/15/12<br>Removal Date: 6/6/12<br>Trial Date: 8/6/13 |

    WHEREAS, discovery requests in this matter call for the production of material containing confidential and proprietary business information and other commercially sensitive information of Ford Motor Company ("Ford"), which has a protected proprietary and property interest in those materials; and

    WHEREAS, Ford desires to preserve the confidentiality of such information and prevent the information from being acquired by its competitors; and

    WHEREAS, in order to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material to be kept confidential and serve the speedy ends of justice, the parties have agreed, by and through their counsel, that a protective order for such

CBM-LA\LA112287.2

**STIPULATED PROTECTIVE ORDER**

information is prudent and necessary and further agree to the terms and provisions of such protective order as contained herein;

THEREFORE, in order to preserve and maintain the confidentiality of certain confidential, commercial, and proprietary documents to be produced by Ford in this litigation, it is hereby ordered that:

1. Documents to be produced by Ford in this litigation that contain confidential information shall hereafter be referred to as "Protected Documents." Any document or any information designated as "Subject to Non-Sharing Protective Order" or "Subject to Protective Order" shall only be used, shown or disclosed as provided in this Order.

2. As used in this Order, the term "documents" means all written material, videotapes and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, hard drive or otherwise).

3. The designation of Protected Documents may be made by marking or placing the applicable notice "Subject to Non-Sharing Protective Order" or "Subject to Protective Order" on the document, CD-ROM, etc. in such a way that it does not obscure the text or other content of the document.

4. The burden of proving that a Protected Document contains confidential information is on Ford, the producing party. If a party disagrees that a document designated as a Protected Document contains confidential information, then the party will so notify Ford in writing within thirty (30) days of receipt of the confidential information. Should a party seek to file confidential information in connection with such a "confidential challenge," the party, prior to filing any such documents, must first notify all parties in writing, of their intent to file or their intent to lodge with the Court any confidential information. Ford will timely apply to this Court to set a hearing for the purpose of establishing that said document contains confidential information. **Any such motion must comply with Local**

**Rule 37. (FFM)** Any document so marked as a Protected Document will continue to be treated as such pending determination by the Court as to its Protected Document status.

5. Protected Documents and any copies thereof received pursuant to paragraph 6 below by "Qualified Persons," pursuant to this order, shall be maintained strictly confidential by the Receiving party, his/her attorney, other representatives, and expert witnesses, or as otherwise provided in paragraph 6(e), subject to the limitations set forth herein.

6. Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

    a. Counsel of record for the parties, and the parties;

    b. Non-technical and clerical staff employed by counsel of record and involved in the preparation and trial of this action;

    c. Experts and non-attorney consultants retained by the parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford;

    d. The Court, the Court's staff, witnesses, and the jury in this case; and

    e. Attorneys representing plaintiffs and the experts and consultants retained by plaintiffs in other cases pending against Ford, regarding allegations relating to the crashworthiness of Ford Expedition vehicles, including but not limited to, allegations regarding roof strength, structural integrity, excessive occupant compartment intrusion, and frame weld modifications, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford.

7. Before receiving access to any protected document or information contained therein, each person described in paragraphs 7(b), (c) and (e) above shall execute a "Written Assurance" in the form contained in Exhibit "A," attached hereto. Counsel for the parties will retain the Written Assurances and will keep a list of all persons who have received Protected Documents for inspection by the Court and, upon order of the Court, counsel for Ford.

8. As the Protected Documents and confidential information may only be distributed to Qualified Persons, counsel for all parties, and all persons described in paragraph 6 above, may not post Protected Documents or confidential information on any website or internet accessible document repository.

9. To the extent that Protected Documents and confidential information are used in the taking of depositions ~~and/or used as exhibits at trial~~, **(FFM)** such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony ~~and/or trial testimony~~ **(FFM)** dealing with the Protected Documents and confidential information. Ford's counsel may designate any deposition transcript or portion of any deposition transcript as confidential information by so stating on the record or by giving notice in writing to the other parties within 30 days of receipt of the final deposition transcript, prior to which time the entire deposition transcript shall be treated by the parties as confidential information. Ford's counsel may instruct the stenographer to place the word "Confidential" on the first page and portions of the original and all copies of the transcript containing any confidential information. Unless otherwise arranged in advance, or unless stated on the record during the deposition, the parties shall treat all deposition testimony as confidential until 30 days after receipt of the final deposition transcript in order to give Ford's counsel an opportunity to designate any portions of the materials that should be considered confidential information. In addition, unless otherwise arranged in advance by the

1 parties, attendance at any deposition shall be limited to those persons entitled to
2 receive confidential information pursuant to this Order.

3       10. <u>Filing Procedures for Confidential Materials</u>.

4       a. <u>Protected or Confidential Documents Filed in Connection with</u>
5          <u>Court Proceedings/Motions</u>.

6 Confidential documents ~~filed~~ **submitted for filing under seal** in
7 connection with Court proceedings are not to become part of the public court file.
8 All confidential documents that are ~~filed~~ **lodged** with the Court that contain any
9 portion of any Protected Document or confidential information shall be ~~filed~~
10 **submitted** in a sealed envelope or other appropriate sealed container on which shall
11 be endorsed with the title of the action to which it pertains, an indication of the
12 nature of the contents of such sealed envelope or other container, the phrase
13 "Confidential – Subject To Protective Order," and a statement substantially in the
14 following form: "This envelope shall not be opened without order of the Court,
15 except by officers of the Court and counsel of record, who, after reviewing the
16 contents, shall return them to the clerk in a sealed envelope." **(FFM)**

17       b. ~~Protected or Confidential Documents used at trial~~. **(FFM)**

18 If the party who intends to file with the Court information which has
19 been designated confidential information, that party shall **comply with Rule 79-5**
20 **and (FFM)** do the following:

21 (1) Submit a declaration accompanying the pleading which
22 includes the following recitation or a recitation which is substantially in this form:
23 "Pursuant to the Protective Order filed by this Court, the documents contained in
24 [e.g., Declaration A or Exhibit 1] are being lodged under seal.  The party who
25 designated the information confidential information shall have 10 days from receipt
26 of this declaration to file a motion ~~to seal the record~~ **requesting the Court to file**
27 **the lodgment under seal**," which motion shall be accompanied by a memorandum
28 of points and authorities and a declaration which reflects the reason why this

CBM-LA\LA112287.2       -5-

**STIPULATED PROTECTIVE ORDER**

1  information should be filed under seal.  Pending the determination of the motion,
2  the ~~lodged record~~ **lodgment** will be conditionally under seal.  **(FFM)**
3          (2)  The non-filing party shall have 10 days following receipt of the
4  opposing party's declaration to submit a motion to the Court which **demonstrates**
5  **that the documents are appropriately filed under seal and/or** asks that, if the
6  Court finds that the motion to seal the ~~record~~ **submission** should be denied, the
7  Court rule that the ~~record~~ **submission** is not relevant or is not otherwise admissible
8  and/or is not necessary to the adjudication of the issue raised by the opposing
9  party's motion ~~or to the issues at trial~~.  Pending the determination of the motion, the
10  ~~lodged record~~ **lodgment** will be conditionally under seal.  ~~No party to this~~
11  ~~Protective Order may appeal the Court's order granting a motion to seal the record~~.
12  **(FFM)**
13       c.  Nothing in this Stipulated Protective Order shall affect the
14  admissibility into evidence of confidential information, or abridge the rights of any
15  party to seek judicial review or to pursue other judicial action with respect to any
16  ruling made by the Court concerning the status of confidential information.
17  Agreement to this Stipulated Protective Order is without prejudice to a party's right
18  to seek an order from the Court imposing further restrictions on the dissemination
19  of certain confidential information, or seeking to rescind, modify, alter or amend
20  this Stipulated Protective Order with respect to specific materials.
21       d.  Prior to trial, the Parties will discuss with the Court appropriate
22  procedures to be used to protect the confidentiality of confidential information used
23  at trial.
24       11.  Any court reporter or transcriber who reports or transcribes
25  **deposition (FFM)** testimony in this action shall agree that all confidential
26  information and Protected Documents designated as such under this Order shall
27  remain confidential and shall not be disclosed by them, except pursuant to the terms
28  of this Order, and that any notes or transcriptions of such testimony (and any

CBM-LA\LA112287.2  -6-

**STIPULATED PROTECTIVE ORDER**

accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

12. To the extent Ford is requested to produce documents it has determined should not be subject to the sharing provision of this protective order in paragraph 6(e), Ford will designate such documents as "Non-Sharing." Documents designated as "Non-Sharing" shall not be shared under paragraph 6(e).

13. Within 120 days after the conclusion of this case, counsel for the parties who received "Non-Sharing" documents shall either (i) return to Ford the Protected Documents; or (ii) securely destroy the Protected Documents and provide written certification of such destruction to Ford's counsel. However, any information designated in accordance with this Order that becomes part of a record on appeal shall be returned pursuant to this paragraph only after all appeals have been exhausted.

Further, upon termination of this lawsuit, the parties' disclosed experts and consultants, including all those described in paragraphs 6(b), 6(c) and 6(e), shall execute and return a signed Confirmation to counsel concerning return of all "Non-Sharing" documents received under this Stipulated Protective Order, including all copies and other reproductions of such information in their possession. The signed Confirmation shall be in form contained at Exhibit "B" hereto. Counsel shall forward the Confirmations signed by the experts and consultants who were designated or disclosed during this case to Ford's counsel either along with said documents or written certification of their destruction. In the case of retained consultants who were not disclosed or designated, counsel will execute and deliver to Ford's counsel an executed Confirmation by counsel only, acknowledging that non-testifying experts and consultants have complied with the Stipulated Protective Order and Exhibit "B."

14. With respect to documents designated as "Sharing" or "Subject to Protective Order," Counsel shall not be required to return the Protected Documents

1 to Ford after the conclusion of this case but shall handle the documents pursuant to
2 the terms of this Order.

3     15. Inadvertent or unintentional production of documents or information
4 containing information, which should have been designated as confidential
5 information and Protected Documents, shall not be deemed a waiver in whole or in
6 part of the party's claims of confidentiality.

7     16. This Order may not be waived, modified, abandoned or terminated,
8 in whole or part, except by an instrument in writing signed by the parties. **No such**
9 **change shall have the effect of a court order unless approved by the Court.**
10 **(FFM)** If any provision of this Order shall be held invalid for any reason
11 whatsoever, the remaining provisions shall not be affected thereby.

12     17. After termination of this litigation, the provisions of this Order shall
13 continue to be binding. This Court retains and shall have jurisdiction over the
14 parties and recipients of the Protected Documents and confidential information for
15 enforcement of the provisions of this Order following termination of this litigation.

16     18. This Order shall be binding upon the Qualified Persons described in
17 Paragraph 6, upon the parties hereto, upon their attorneys, and upon the parties' and
18 their attorneys' successors, executors, personal representatives, administrators,
19 heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents,
20 independent contractors, or other persons or organizations over which they have
21 control (collectively "Covered Persons").

22     19. All persons described in paragraph 6 above shall not under any
23 circumstance sell, offer for sale, advertise, or publicize either Protected Documents
24 or confidential information contained therein or the fact that such persons have
25 obtained Protected Documents and confidential information.
26 If any Covered Person shall violate the terms of this Order, including but not
27 limited to disseminating documents or information that is designated as confidential
28 information and/or Protected Documents to any person or entity that is not a

CBM-LA\LA112287.2      -8-

**STIPULATED PROTECTIVE ORDER**

Qualified Person, then Ford shall be entitled to seek injunctive relief, damages, and sanctions, including legal fees and costs, in both this Court and any court of competent jurisdiction.

**If any party receives a subpoena from any non-party seeking production or disclosure of documents subject to this order, the subpoenaed party will give notice, as soon as practicable and in no event more than five business days after receiving the subpoena, to counsel for the designating party, which notice will enclose a copy of the subpoena.  The purpose of such notice is to provide the designating party with the opportunity to assert its rights, if any, to non-disclosure. The subpoenaed party shall not produce any documents responsive to such subpoena prior to the date set for production in the subpoena.  (FFM)**

IT IS SO ORDERED, this 24th day of June, 2013.

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
U. S. MAGISTRATE JUDGE

**EXHIBIT "A"**

**WRITTEN ASSURANCE**

I hereby acknowledge and affirm that I have read the terms and conditions of the Stipulated Protective Order in <u>David Michery v. Ford Motor Company, et al.</u>, Case No. CV12-04957 RSWL (FFMx) (the "Litigation"), on _____. I understand the terms of the Order and under oath consent to be bound by the terms of the Order as a condition of being provided access to the confidential information and Protected Documents furnished in said Litigation.

Further, by executing this Written Assurance, I hereby consent to the jurisdiction of the above-captioned court for the special and limited purpose of enforcing the terms of the Protective Order.

I recognize that all civil remedies for breach of this Written Assurance are specifically reserved by the parties to the Litigation and are not waived by the disclosure provided for herein. Further, in the event of the breach of this Written Assurance, I recognize that the parties to the Litigation may pursue against me all civil remedies available to it as a third party beneficiary of this Written Assurance.

_____
Signature

_____
Print Name

_____
Address

_____
City, State, Zip

CBM-LA\LA112287.2

# EXHIBIT "B"

# CONFIRMATION

The undersigned states, subject to the penalties for perjury:

1. I was retained by a party to this litigation or by a party's counsel of record to offer analysis or advice, either as an expert witness or a consultant.

2. I have been furnished a copy of the Stipulated Protective Order entered in this case restricting the use of confidential information and Protected Documents.

3. I have received notice that this litigation has concluded.

4. I certify that I have returned all of the Protected Documents and confidential information protected by the Stipulated Protective Order, including the documents reflecting information contained in or derived from such Protected Documents and confidential information.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Signed this _____ day of _____, 2013, at _____, California.

Signed: _____

PRINT NAME

_____

ADDRESS

_____

CITY, STATE, ZIP

CBM-LA\LA108301