UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Michery,<br><br>              Plaintiff,<br><br>   v.<br><br>Ford Motor Company, a Delaware corporation; Board Ford, a California entity, form unknown; and DOES to 100, inclusive,<br><br>             Defendants. | CV 12-04957 RSWL (FFMx)<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW Re: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, DISMISSAL FOR SPOLIATION OF EVIDENCE** [18] |

    After consideration of all the papers submitted pursuant to Defendant Ford Motor Company's ("Defendant") Motion for Summary Judgment, or in the Alternative, Dismissal for Spoliation of Evidence [18], the Court makes the following findings of fact and conclusions of law.

//

**UNCONTROVERTED FACTS**

1. Plaintiff has not shown that a genuine issue exists as to whether a design defect exists in the Vehicle. <u>See</u> Graglia Decl., Exs. B, C, D, E, F, J, K, M, N, O; <u>See</u> Khadilkar Decl., Exs. A-G.

2. Plaintiff has not shown that a genuine issue exists as to whether a manufacturing defect exists in the Vehicle. <u>Id.</u>

3. Plaintiff has not shown that a genuine issue exists as to whether Defendant failed to warn of defective and/or dangerous conditions. <u>Id.</u>

4. Plaintiff has not shown that a genuine issue exists as to whether a manufacturing or design defect caused Plaintiff's injuries. <u>Id.</u>

5. Plaintiff has failed to preserve the Vehicle as evidence in this intended lawsuit. <u>See</u> Graglia Decl., Exs. C, L.

6. No automotive forensic engineer or other expert ever examined the Vehicle before it disappeared. <u>See id.</u>

**CONCLUSIONS OF LAW**

1. A manufacturer can be held strictly liable for placing a defective product on the market if the plaintiff's injury results from a reasonably foreseeable use of the product. <u>In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices and Prods Liab. Litig.</u>, 754 F. Supp. 2d 1208, 1219-20 (C.D. Cal. 2010).

2. California recognizes strict liability for three types of products liability claims: design defects, manufacturing defects, and warning defects. Id.

3. Plaintiff's First Cause of Action of Strict Liability based on a Manufacturing Defect fails because Plaintiff has not submitted evidence sufficient for a rational juror to find that the Vehicle differed or deviated from the manufacturer's intended result or from other ostensibly identical units of the same product line. In re Toyota, 754 F. Supp. 2d at 1222.

4. Plaintiff's First Cause of Action of Strict Liability based on a Design Defect fails because Plaintiff has not submitted evidence sufficient for a rational juror to find that the product fails to meet the minimum safety expectations of an ordinary consumer of the product. Lucas v. City of Visalia, 726 F. Supp. 2d 1149, 1155 (E.D. Cal. 2010).

5. Plaintiff's First Cause of Action of Strict Liability based on a Design Defect also fails because Plaintiff has not submitted evidence sufficient for a rational juror to find that the product's design proximately caused his injuries. See McCabe v. Am. Honda Motor Co., 100 Cal. App. 4th 1111, 1126 (2002).

6. Plaintiff's First Cause of Action of Strict Liability based on Defendant's failure to warn fails because Plaintiff has not submitted evidence sufficient for a rational juror to find that Defendant failed to warn of defective and dangerous conditions. In re

1  Toyota, 754 F. Supp. 2d at 1221.
2      7. Plaintiff's Second Cause of Action for
3  Negligence fails because when the negligence claim
4  depends on the existence of a defect, failure to
5  establish that there is a defect necessarily results in
6  failure of the negligence claim.  See Albee v.
7  Continental, 780 F. Supp. 2d 1005, 1012 (E.D. Cal.
8  2011).  Because Plaintiff's evidence fails to show the
9  existence of a defect, his second claim based on
10 negligence necessarily fails as well.  See id., See
11 also Triton Energy Corp. v. Square D Co., 68 F.3d 1218,
12 n.1 (9th Cir. 1995).
13     8. Based on the foregoing, Defendant is entitled to
14 summary judgment as to all of Plaintiff's causes of
15 action.
16     9. Because Plaintiff has not identified the Doe
17 defendants, despite having ample time to do so, the Doe
18 defendants are dismissed from this Action.  See
19 McKenzie v. Rossi-Hill, No. 07-CV-1752-AC, 2010 WL
20 2595560 at 1, n.2 (D. Or. Mar. 29, 2010), report and
21 recommendation adopted, No. 07-CV-1752-AC, 2010 WL
22 //
23 //
24 //
25 //
26 //
27 //
28 //

2595537 (D. Or. June 23, 2010) <u>aff'd</u>, 459 Fed. Appx. 661 (9th Cir. 2011).

**IT IS SO ORDERED.**

DATED: November 12, 2013

                                        _RONALD S.W. LEW_

                                        **HONORABLE RONALD S.W. LEW**

                                        Senior, U.S. District Court Judge